```
 1                 UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF MICHIGAN
 2                      SOUTHERN DIVISION

 3   UNITED STATES OF AMERICA,

 4              Plaintiff,
                                     HONORABLE PAUL D. BORMAN
 5
        v.                           No. 13-20243
 6
     D-1 ANDREW PARTYKA,
 7   D-2 ANGELA NASEEF,

 8              Defendants.
     _____/
 9

10
                      ARRAIGNMENT/PLEA HEARING
11
                    Tuesday, August 13, 2013
12
                          10:10 a.m.
13

14   APPEARANCES:

15      For the Plaintiff:        CYNTHIA J. OBERG
                                  U.S. Attorney's Office
16                                211 W. Fort Street
                                  Suite 2001
17                                Detroit, Michigan  48226
                                  (313) 226-9100
18

19      For Defendant Partyka:    STEVEN F. FISHMAN
                                  615 Griswold
20                                Suite 1125
                                  Detroit, Michigan  48226
21                                (313) 962-4090

22
        (Appearances continued)
23

24           To Obtain Certified Transcript, Contact:
             Leann S. Lizza, CSR-3746, RPR, CRR, RMR
25                        (313) 965-7510
```

```
 1   APPEARANCES (Continued):

 2      For Defendant Naseef:        PAMELLA R. SZYDLAK
                                     615 Griswold Street
 3                                   Suite 1620
                                     Detroit, Michigan  48226
 4                                   (313) 963-6660

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

**TABLE OF CONTENTS**

                                                          Page

  Arraignment                                              5

  Plea hearing                                             7

  Motion to dismiss indictment as to Ms. Naseef          22


Exhibits:                                              Received

  (None offered.)

```
 1                                      August 13, 2013
 2                                      Detroit, Michigan
 3                           -   -   -
 4       (Call to order of the Court, 10:10 a.m.)
 5       (Court, Counsel and Defendants present.)
 6          THE COURT CLERK:  Now calling the case of the United
 7   States of America versus Andrew Partyka and Angela Naseef, Case
 8   Number 13-20243.
 9          THE COURT:  Parties please identify themselves for the
10   record beginning with the government.
11          MS. OBERG:  Good morning, Your Honor.  Cynthia Oberg
12   for the United States.
13          THE COURT:  And with you at counsel table is?
14          MS. OBERG:  Is Special Agent Christine Taylor of the
15   FBI.
16          THE COURT:  Very good.  Thank you.
17          And for Defendant Partyka.
18          MR. FISHMAN:  Good morning, Judge.  Steve Fishman on
19   behalf of Mr. Partyka, who's here at the table with me.
20          THE COURT:  Good morning, Mr. Partyka.
21          DEFENDANT PARTYKA:  Good morning, Your Honor.
22          THE COURT:  Okay.  And for the other Defendant, Angela
23   Naseef, please.
24          MS. SZYDLAK:  Good morning.  Pamella Szydlak on behalf
25   of Angela Naseef.  She is present and standing -- or sitting to
```

1     my left.

2            THE COURT:  Good morning, Ms. Naseef.

3            DEFENDANT NASEEF:  Good morning.

4            THE COURT:  Okay.  My understanding is that we have a

5     plea that Mr. Partyka is going to enter.  Is that correct?

6            MS. OBERG:  That is correct.

7            THE COURT:  After we arraign him on the first

8     superseding information.

9            MS. OBERG:  That's correct.

10           THE COURT:  Okay.  So if Mr. Fishman and Mr. Partyka

11    would come up to the podium, we will proceed.

12           Okay.  Mr. Fishman, did you receive a copy of the

13    first superseding information?

14           MR. FISHMAN:  I did.  I reviewed it with Mr. Partyka.

15           THE COURT:  Okay.  Do you waive reading of the

16    information?

17           MR. FISHMAN:  I do.

18           THE COURT:  Mr. Partyka, did you have a chance to go

19    over this first superseding information with your attorney,

20    Mr. Fishman?

21           DEFENDANT PARTYKA:  Yes, Your Honor.

22           THE COURT:  Okay.  Under the Constitution of the

23    United States, you have the right to be proceeded against by a

24    grand jury composed of 16 to 23 citizens who would hear the

25    government's case against you and then decide whether there's

1    probable cause to find you chargeable with the offense and, if

2    yes, return a true bill of indictment.  Being aware of that,

3    you're also able to waive your right to proceeding by a grand

4    jury and to allow the government to proceed by drafting a

5    written paper charging you with an offense which is called an

6    information.  You understand that?

7         DEFENDANT PARTYKA:  Yes, Your Honor.

8         THE COURT:  And you're willing to waive your right to

9    an indictment and proceed by way of an information; is that

10   correct?

11        DEFENDANT PARTYKA:  Yes, Your Honor.

12        THE COURT:  Okay.  Very good.  Any further voir dire

13   questions, Miss Oberg, that you want me to ask with regard to

14   the waiver of the right to indictment?

15        MS. OBERG:  No, Your Honor.  Thank you.

16        THE COURT:  Okay.  Under the superseding information,

17   it charges a single count of mail fraud, and there is to that

18   count a maximum of 20 years in custody.  You understand that,

19   sir?

20        DEFENDANT PARTYKA:  Yes, Your Honor.

21        THE COURT:  And a maximum $250,000 fine.  Do you

22   understand that?

23        DEFENDANT PARTYKA:  Yes, Your Honor.

24        THE COURT:  And three years of supervised release.

25   That means you're out after jail time on the street.  If you

```
 1   violate supervised release, then you can be sent back to jail

 2   for up to three years.  You understand that?

 3            DEFENDANT PARTYKA:  Yes, Your Honor.

 4            THE COURT:  And there's also a $100 special

 5   assessment.  You understand that?

 6            DEFENDANT PARTYKA:  Yes, Your Honor.

 7            THE COURT:  Okay.  And this is your signature above

 8   the name Andrew Partyka here?

 9            DEFENDANT PARTYKA:  Yes, Your Honor.

10            THE COURT:  And, Mr. Fishman, that's yours?

11            MR. FISHMAN:  Yes, sir.

12            THE COURT:  Okay.  Then for purposes of the

13   arraignment proceeding, I'll enter a plea of not guilty.  I'll

14   acknowledge that the Defendant has acknowledged the

15   information, has been informed and we'll go to the next

16   proceeding.

17            Since he has been arraigned, Mrs. Tofil, if you please

18   swear in Mr. Partyka.

19      (Andrew Partyka, sworn, 10:14 a.m.)

20            THE COURT:  Okay.  Mr. Partyka, I'm going to ask you

21   questions regarding the facts of the crime charged.  It's

22   important you tell the truth.  You understand that, sir?

23            DEFENDANT PARTYKA:  Yes, Your Honor.

24            THE COURT:  Okay.  Any false answers can be used

25   against you in a separate prosecution for perjury or false
```

1    statement.  You understand?

2         DEFENDANT PARTYKA:  Yes, Your Honor.

3         THE COURT:  What is your full name?

4         DEFENDANT PARTYKA:  Andrew Joseph Partyka.

5         THE COURT:  Okay.  You understand, sir, that you have

6    a constitutional right to remain silent and not incriminate

7    yourself?

8         DEFENDANT PARTYKA:  Yes, Your Honor.

9         THE COURT:  And you want to give that up today and

10   plead guilty; is that correct?

11        DEFENDANT PARTYKA:  Yes, Your Honor.

12        THE COURT:  First I'm going to ask some background

13   questions to make sure you're competent to enter a plea at this

14   time.

15        How old are you?

16        DEFENDANT PARTYKA:  28 years old.

17        THE COURT:  And how far did you go in school?

18        DEFENDANT PARTYKA:  Some college.

19        THE COURT:  Do you read, write and understand the

20   English language?

21        DEFENDANT PARTYKA:  Yes, Your Honor.

22        THE COURT:  Are you now under the influence of any

23   medication, drugs or alcohol?

24        DEFENDANT PARTYKA:  No, Your Honor.

25        THE COURT:  I find that Mr. Partyka is capable of

1    entering a knowing plea.  Do you agree, Mr. Fishman?

2              MR. FISHMAN:  I do.

3              THE COURT:  Do you agree, Miss Oberg?

4              MS. OBERG:  Yes, I do.

5              THE COURT:  You have your attorney, Mr. Fishman,

6    beside you in court today.  Have you discussed this matter with

7    him?

8              DEFENDANT PARTYKA:  Yes, Your Honor.

9              THE COURT:  Are you satisfied with his advice and

10   service?

11             DEFENDANT PARTYKA:  Yes, Your Honor.

12             THE COURT:  You understand, Mr. Partyka, if I accept

13   your guilty plea, you lose valuable civil rights including the

14   right to vote, hold office, serve on a jury, forever possess or

15   be around firearms.  You understand that?

16             DEFENDANT PARTYKA:  Yes, Your Honor.

17             THE COURT:  Also, if I accept your guilty plea, you

18   give up many important constitutional rights, and I'll go over

19   some of the most important, make sure you understand what

20   you're giving up.

21             You understand you have the right to plead not guilty

22   and to have a trial before the Court or a jury of 12 citizens?

23             DEFENDANT PARTYKA:  Yes, Your Honor.

24             THE COURT:  And you understand at trial you'd be

25   presumed innocent and the government would have to prove your

1    guilt beyond a reasonable doubt?

2        DEFENDANT PARTYKA:  Yes, Your Honor.

3        THE COURT:  Also at trial you could question witnesses

4    against you through your attorney and have the Court order any

5    witnesses you want for your defense to appear at trial.  You

6    understand that?

7        DEFENDANT PARTYKA:  Yes, Your Honor.

8        THE COURT:  Also at trial you could remain silent, not

9    have your silence used against you or testify if you want to

10   testify.  You understand that?

11       DEFENDANT PARTYKA:  Yes, Your Honor.

12       THE COURT:  Understanding these rights, do you want to

13   give them up and plead guilty today?

14       DEFENDANT PARTYKA:  Yes, Your Honor.

15       THE COURT:  I know I asked you at the previous

16   proceeding if you received a copy of the superseding

17   information.  You have; is that correct?

18       DEFENDANT PARTYKA:  Yes, Your Honor.

19       THE COURT:  Miss Oberg, if you'd state on the record

20   what the superseding information charges Mr. Partyka with,

21   please.

22       MS. OBERG:  Your Honor, it charges Mr. Partyka with

23   one count of mail fraud in violation of 18 U.S.C. 1341.  Does

24   the Court wish --

25       THE COURT:  Oh, yeah.

1          MS. OBERG:  The elements --

2          THE COURT:  You can summarize.  You don't you have to

3   read all of it, but yeah.

4          MS. OBERG:  All right.  The information charges that

5   Mr. Partyka devised and executed a scheme to defraud people and

6   obtain money from them by false and fraudulent pretenses,

7   misrepresentations and promises that were material to them and

8   that in the course of executing his scheme he used or caused

9   the use of the United States mail and commercial carriers.

10          During the course of the scheme Mr. Partyka

11   represented to his prospective investors that he was a highly

12   educated and successful manager of an investment company, that

13   he was licensed by the SEC, that he could get them significant

14   returns on their investments, and in the process of doing that

15   he obtained well over 400,000, probably over 600,000 from his

16   victim investors.  Not a penny was invested.  Instead he's

17   converted the money to his own use and spent it.  And --

18          THE COURT:  And this took place from January, 2009,

19   through February, 2013?

20          MS. OBERG:  That's correct, in the --

21          THE COURT:  In the Detroit-metropolitan area.

22          MS. OBERG:  Yes.

23          THE COURT:  Okay.  That gives us jurisdiction here.

24          Has your attorney also explained the nature of the

25   charge to you?

| | |
|---|---|
| 1 | DEFENDANT PARTYKA: Yes, Your Honor. |
| 2 | THE COURT: Very good. |
| 3 | Is your willingness to plead guilty the result of |
| 4 | what's called a Rule 11 plea agreement where you and your |
| 5 | attorney, Mr. Fishman, and the government attorney reached a |
| 6 | basis for pleading guilty? |
| 7 | DEFENDANT PARTYKA: Yes, Your Honor. |
| 8 | THE COURT: And if you turn to page 12, is that your |
| 9 | signature above the name Andrew Partyka? |
| 10 | DEFENDANT PARTYKA: Yes, Your Honor. |
| 11 | THE COURT: And, Mr. Fishman, that's yours? |
| 12 | MR. FISHMAN: That is. |
| 13 | THE COURT: And, Miss Oberg, that's yours? |
| 14 | MS. OBERG: Yes, it is. |
| 15 | THE COURT: Did you go over this with your attorney |
| 16 | before you signed it? |
| 17 | DEFENDANT PARTYKA: Yes, Your Honor. |
| 18 | THE COURT: Because of the importance of the Rule 11 |
| 19 | plea agreement within the plea and sentencing process, I'm |
| 20 | going to go over some of the principal provisions. |
| 21 | The statute, the maximum penalty is 20 years in |
| 22 | custody. You understand that? |
| 23 | DEFENDANT PARTYKA: Yes, Your Honor. |
| 24 | THE COURT: The fine is up to $250,000. You |
| 25 | understand that? |

1      DEFENDANT PARTYKA:  Yes, Your Honor.

2      THE COURT:  And three years supervised release.  You

3   understand that?

4      DEFENDANT PARTYKA:  Yes, Your Honor.

5      THE COURT:  $100 special assessment.  You understand

6   that?

7      DEFENDANT PARTYKA:  Yes, Your Honor.

8      THE COURT:  Under the Rule 11 the guideline range that

9   the parties agreed to is 37 to 46 months incarceration.  You

10  understand that?

11     DEFENDANT PARTYKA:  Yes, Your Honor.

12     THE COURT:  Okay.  Guideline range is but one of many

13  considerations the Court takes into account at sentencing.  You

14  understand that?

15     DEFENDANT PARTYKA:  Yes, Your Honor.

16     THE COURT:  There's also a period in this of three

17  years supervised release.  You understand that?

18     DEFENDANT PARTYKA:  Yes, Your Honor.

19     THE COURT:  Special assessment of $100.  You

20  understand that?

21     DEFENDANT PARTYKA:  Yes, Your Honor.

22     THE COURT:  We're going to determine the amount of

23  restitution at sentencing.  There may be issues before that

24  will resolve, but that's when it will be determined.  You

25  understand that?

14

1          DEFENDANT PARTYKA:  Yes, Your Honor.

2          MR. FISHMAN:  Judge, I should say Miss Oberg and I and

3   Agent Taylor have had meetings already attempting to get to

4   that number.  We will, in all likelihood, be able to settle

5   that amongst ourselves.  The Court won't have to make a

6   decision on that.

7          THE COURT:  Very good.

8          MR. FISHMAN:  That's what we hope.

9          THE COURT:  Also, if I sentence you within the range

10  of 37 to 46 months, you give up your right to appeal the

11  conviction and sentence.  You understand that?

12         DEFENDANT PARTYKA:  Yes, Your Honor.

13         THE COURT:  Okay.  Mrs. Oberg, are there any other

14  provisions of the Rule 11 that you want to put on the record?

15         MS. OBERG:  There is, Your Honor.  There is a

16  stipulated offense conduct on page 6 that Mr. Partyka's

17  admitting to relevant conduct involving money laundering which

18  does add one level to his guidelines and has been included in

19  the calculations, and also that --

20         THE COURT:  Well, let's stop there.

21         MS. OBERG:  I'm sorry.

22         THE COURT:  Is that correct, Mr. Fishman?

23         MR. FISHMAN:  That's true.

24         THE COURT:  And you understand that, Mr. Partyka?

25         DEFENDANT PARTYKA:  Yes, Your Honor.

**PLEA HEARING**

```
 1          THE COURT:  Okay.
 2          MS. OBERG:  And at the time of sentencing we will move
 3   to dismiss the charges in the original indictment against
 4   Mr. Partyka.
 5          THE COURT:  And that's correct, Mr. Partyka?
 6          MR. FISHMAN:  That's true.
 7          THE COURT:  You understand that?
 8          DEFENDANT PARTYKA:  Yes, Your Honor.
 9          THE COURT:  Any other provisions that you want to put
10   on the record?
11          MS. OBERG:  No, thank you.
12          THE COURT:  Mr. Fishman?
13          MR. FISHMAN:  No.  I think the Court summarized
14   everything.
15          THE COURT:  Apart from what's contained in this
16   agreement, have I made you any promise of a sentence?
17          DEFENDANT PARTYKA:  No, Your Honor.
18          THE COURT:  Do you have any side deals where
19   Mr. Fishman said, "Don't worry about what the judge says,
20   here's really what's going to happen" or Miss Oberg said
21   something like that as well?  Any side deals?
22          DEFENDANT PARTYKA:  No, Your Honor.
23          THE COURT:  Okay.  Are you now on probation, pretrial
24   release or parole for any other offense?
25          DEFENDANT PARTYKA:  No, Your Honor.
```

**PLEA HEARING**

```
 1              THE COURT:  Okay.  Has anyone coerced you or
 2    threatened you to plead guilty?
 3              DEFENDANT PARTYKA:  No, Your Honor.
 4              THE COURT:  Please tell me what it is that you did
 5    between January, 2009, February, 2013, that leads you to
 6    believe you're guilty of a crime of mail fraud.
 7              MR. FISHMAN:  Judge, if it's all right with you, may I
 8    ask him questions?
 9              THE COURT:  Yes, you may voir dire.
10              MR. FISHMAN:  It will move things along.
11              Mr. Partyka, during that time period, did you, in
12    fact, devise a scheme to defraud people based on material false
13    pretenses that you made to them?
14              DEFENDANT PARTYKA:  Yes, sir.
15              MR. FISHMAN:  And did you, amongst those false
16    pretenses, did you indicate to prospective investors that you
17    were a successful money manager?
18              DEFENDANT PARTYKA:  Yes.
19              MR. FISHMAN:  And, in fact, did you have a license to
20    manage money and did you have any kind of approval from the
21    Securities Exchange Commission or anybody else to be a money
22    manager?
23              DEFENDANT PARTYKA:  No.
24              MR. FISHMAN:  And when you induced people to invest,
25    did you promise them a certain high return?  Without getting
```

```
 1   into specifics, did you promise them that they would get a high

 2   return on their money?

 3            DEFENDANT PARTYKA:  No, I didn't.

 4            MR. FISHMAN:  You did not?

 5            DEFENDANT PARTYKA:  No.  I'm under oath and I don't

 6   want to --

 7            THE COURT:  Right.  I understand.

 8            MR. FISHMAN:  That's fine.

 9            DEFENDANT PARTYKA:  I --

10            THE COURT:  If you want to talk to your lawyer before

11   you talk to the Court --

12            MR. FISHMAN:  Let's do that.

13            THE COURT:  Have a seat for a minute.  Talk to your

14   lawyer.  Then we'll come back.

15        (Discussion held off the record between the Defendant and

16        Counsel.)

17            MR. FISHMAN:  Okay.  We're ready, Judge.  I apologize.

18            THE COURT:  Very good.

19            MR. FISHMAN:  It was the fault of the questioner more

20   than it was of the answerer.

21            THE COURT:  Okay.

22            MR. FISHMAN:  Mr. Partyka, as one of the false

23   pretenses with respect to your dealings with the investors, did

24   you falsely represent that your education was much higher than

25   what you've told the judge?
```

 1              DEFENDANT PARTYKA:  Yes.

 2              MR. FISHMAN:  And did you also falsely represent that

 3     you were registered with the State of Michigan Department of

 4     Licensing and Regulatory Affairs and that you were licensed to

 5     publicly trade in securities in Michigan?

 6              DEFENDANT PARTYKA:  Yes.

 7              MR. FISHMAN:  And we already covered this, but I'll

 8     cover it again.  Did you also tell these prospective investors

 9     that you were registered with the Securities Exchange

10     Commission?

11              DEFENDANT PARTYKA:  Yes.

12              MR. FISHMAN:  And that you were licensed to sell

13     securities?

14              DEFENDANT PARTYKA:  Yes.

15              MR. FISHMAN:  And all of those statements were false,

16     correct?

17              DEFENDANT PARTYKA:  Yes.

18              MR. FISHMAN:  And the reason for those statements was

19     to induce people to invest their money, true?

20              DEFENDANT PARTYKA:  Yes.

21              MR. FISHMAN:  And did you also tell --

22              DEFENDANT PARTYKA:  It's true.

23              MR. FISHMAN:  Did you also tell the prospective

24     investors that you had successfully invested a certain amount

25     of another person's money and obtained a very large return on

**PLEA HEARING**

```
 1    that money?
 2              DEFENDANT PARTYKA:  Yes.
 3              MR. FISHMAN:  Judge, I think that --
 4              THE COURT:  Well, I'll ask Mrs. Oberg, if you want to
 5    voir dire --
 6              MS. OBERG:  Thank you, Your Honor.
 7              THE COURT:  -- with regard to time period, location,
 8    and then further factual basis.
 9              MR. FISHMAN:  May I just speak with her real quickly?
10              MS. OBERG:  I know.
11        (Discussion held off the record between counsel.)
12              MS. OBERG:  Was mail, the mail or commercial carriers,
13    used in connection with your scheme?
14              DEFENDANT PARTYKA:  Yes.
15              MS. OBERG:  To mail checks or receive checks?
16              DEFENDANT PARTYKA:  Yes, ma'am.
17              MS. OBERG:  And did -- when you did this, you were
18    primarily located in the metropolitan-Detroit area?
19              DEFENDANT PARTYKA:  Yes, ma'am.
20              MS. OBERG:  Although your investors were elsewhere in
21    the country and from overseas as well?
22              DEFENDANT PARTYKA:  Yes, ma'am.
23              MS. OBERG:  And that was, as I think you already said,
24    between February -- January of 2009 and February of this year?
25              DEFENDANT PARTYKA:  No, ma'am.  The dates are wrong.
```

PLEA HEARING

1              MS. OBERG:  What are the dates?

2              DEFENDANT PARTYKA:  The company in question, Your

3    Honor -- or ma'am, was incorporated in August of 2009.

4              MS. OBERG:  That's when Rosebud was incorporated?

5              DEFENDANT PARTYKA:  Rosebud.  The first amount of

6    funds in question were February, 2010.

7              MS. OBERG:  So the money that you obtained before 2010

8    was not in connection with an investment scheme?

9              DEFENDANT PARTYKA:  There was no money obtained before

10   2010.

11             MS. OBERG:  All right.

12             DEFENDANT PARTYKA:  The soonest person would be

13   Anthony Benedosa Jr., February, 2010.

14             MS. OBERG:  And the representations that you made to

15   the people to get them to invest were not true?

16             DEFENDANT PARTYKA:  In a broad term, yes.

17             MS. OBERG:  All right.  Thank you, Your Honor.

18             THE COURT:  Okay.  Any questions, Mr. Fishman --

19             MR. FISHMAN:  No.

20             THE COURT:  -- you want to ask --

21             MR. FISHMAN:  No.

22             THE COURT:  -- with regard to a factual basis?

23             MR. FISHMAN:  No.  I think he's made sufficient facts

24   for the factual basis.

25             THE COURT:  How do you plead, sir, guilty or not

 1    guilty?

 2         DEFENDANT PARTYKA:  Guilty, Your Honor.

 3         THE COURT:  The Court finds the Defendant's plea is

 4    knowingly, freely, voluntarily made.  The elements of the

 5    offense to which he pleads guilty have been made out by his

 6    statements in Court.  The plea is accepted.  The Rule 11 is

 7    taken under advisement.  We'll refer you to the probation

 8    department for a presentence report.

 9         Mrs. Tofil, if you'd help us out with a sentencing

10    date, then we will conclude this proceeding.

11         THE COURT CLERK:  November 20th at 11:00 a.m.

12         THE COURT:  Anything further from the parties?

13         MR. FISHMAN:  No, sir.

14         MS. OBERG:  No objection to continuing bond, Your

15    Honor.

16         THE COURT:  Okay.  It will be continued.

17         Okay.  Very good.

18         MR. FISHMAN:  Okay.  Thank you.

19         THE COURT:  Is there something with regard to the

20    Co-Defendant that we need to do with regard to the process and

21    progress of the case that has speedy trial date and also a --

22    speedy trial date's 9-7 and it's set for the 3rd of September.

23         MS. OBERG:  Your Honor, with respect to Defendant

24    Angela Naseef --

25         THE COURT:  Okay.  Why don't Miss Szydlak, Miss Naseef

1    come to the podium.  So we can speak to them with regard to

2    this issue.

3            MS. OBERG:  The government's prepared to move to

4    dismiss the indictment against Miss Naseef.  I have a motion

5    and brief to dismiss the indictment and a proposed order of

6    dismissal.  I will tender it to the Court or, if you prefer,

7    I'll file it by ECF when I get back.

8            THE COURT:  Okay.  Well, you obviously have provided

9    with a copy to Miss Szydlak and Miss Szydlak showed it to

10   Miss Naseef.  If not, you can do that right there.  Take a

11   minute, go over it.

12       (Short pause.)

13           MS. SZYDLAK:  Miss Naseef has reviewed it.  We have no

14   objections, Judge.

15           THE COURT:  We can docket it.  When does this take

16   place?

17           MS. OBERG:  Well, since the Court has accepted

18   Mr. Partyka's guilty plea, the Court could enter it today, if

19   you wish.

20           THE COURT:  Okay.  We like to do things punctually,

21   and so it will be entered later today.  And the Court will then

22   dismiss the charges against Miss Naseef.

23           MR. FISHMAN:  Thank you, Judge.

24           MS. OBERG:  Thank you.

25           THE COURT:  Very good.

**MOTION TO DISMISS INDICTMENT**

1       MS. OBERG:  If the Court wants on the record some

2   basis for that, I can do that.

3       THE COURT:  The government is a separate branch of

4   government -- I should say the executive branch and they make

5   the decisions and the Court ordinarily does not get into them.

6   So I will accept that and proceed accordingly.

7       MS. OBERG:  Thank you.

8       THE COURT:  Thank you.

9       MR. FISHMAN:  Thank you.

10      THE COURT:  Great.  Okay.

11      THE COURT CLERK:  Court is in recess.

12      (Proceedings concluded, 10:30 a.m.)

13                  -   -   -

14

15

16

17

18

19

20

21

22

23

24

25

**MOTION TO DISMISS INDICTMENT**

```
 1                    CERTIFICATION OF REPORTER

 2

 3     I, Leann S. Lizza, do hereby certify that the above-entitled

 4   matter was taken before me at the time and place hereinbefore

 5   set forth; that the proceedings were duly recorded by me

 6   stenographically and reduced to computer transcription; that

 7   this is a true, full and correct transcript of my stenographic

 8   notes so taken; and that I am not related to, nor of counsel to

 9   either party, nor interested in the event of this cause.

10

11

12   S/Leann S. Lizza                        2-12-14

13   Leann S. Lizza, CSR-3746, RPR, CRR, RMR        Date

14

15

16

17

18

19

20

21

22

23

24

25
```