**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

    Plaintiff/Respondent,            CRIMINAL CASE NO. 13-cr-20243

    v.                                        CIVIL ACTION NO. 15-cv-10357

**ANDREW PARTYKA,**              DISTRICT JUDGE PAUL D. BORMAN

    Defendant/Petitioner.          MAGISTRATE JUDGE MONA K. MAJZOUB

_____/

## REPORT AND RECOMMENDATION

Petitioner Andrew Partyka brings the present Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (Docket no. 56.) Petitioner also filed a motion for leave to amend his motion to vacate (docket no. 61), which the undersigned granted in a separate order. Accordingly, the supplemental arguments presented in Petitioner's motion for leave to amend are considered in this Report and Recommendation. Respondent United States of America filed a response to Petitioner's motion to vacate (docket no. 70), and Petitioner filed a reply (docket no. 71). The motion to vacate was referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 74.) Because the record in this case conclusively shows that Petitioner is not entitled to relief under 28 U.S.C. § 2255, an evidentiary hearing is not required to resolve this action. 28 U.S.C. § 2255(b).

**I.    RECOMMENDATION**

For the reasons stated herein, it is recommended that Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 be **DENIED**.

## II. REPORT

### A. Background

On August 13, 2013, Petitioner Andrew Partyka pleaded guilty to Mail Fraud in violation of 18 U.S.C. § 1341, causing a loss in excess of $400,000 and involving financial transactions that were designed to promote or conceal the unlawful activity in violation of 18 U.S.C. § 1956. (Docket no. 27.) The plea was later amended to correct a typographical error, with the parties stipulating that Petitioner "conducted financial transactions with the proceeds of his mail fraud scheme that were designed to promote or to conceal his unlawful activity, in violation of 18 U.S.C. § 1957," as opposed to § 1956. (Docket no. 34.) The parties agreed that the violation of § 1957 "adds 1 level to [Petitioner's] sentencing guidelines." (*Id.*) In entering his guilty plea, Petitioner acknowledged that he and his attorney reviewed the charges contained in the first superseding information, and that he was "satisfied with [his attorney's] advice and service." (Docket no. 49, pp. 5, 9.) Petitioner acknowledged that his sentencing guideline range was "37 to 46 months incarceration," and that he did not have any "side deals" with his attorney that would contradict the Court's statements. (*Id.* at 13-15.) In addition, Petitioner admitted to relevant conduct involving money laundering, which "add[ed] one point to his guidelines." (*Id.*)

Prior to sentencing, Petitioner's attorney, Mr. Steven Fishman filed a motion to withdraw as counsel. (Docket no. 35.) In this motion, Mr. Fishman asserted that he exchanged numerous emails with Petitioner "concerning the contents of the pre-sentence report, particularly referencing both the loss amount and the list of alleged victims." (*Id.*) Mr. Fishman communicated to Petitioner that "the government feels that both the loss amount and the list of victims are correct," but that "his sentencing memorandum would set forth Mr. Partyka's position with respect to both issues." (*Id.*) Mr. Fishman further stated that Petitioner "instruct[ed] him not to prepare a

2

sentencing memorandum and, instead, to file a motion to withdraw as his counsel." (*Id.*) Accordingly, Petitioner filed a sentencing memorandum on his own behalf. (Docket no. 38.)

During the sentencing hearing on January 24, 2014, the Court advised Petitioner regarding "the difficulties of representing [him]self," but ultimately determined that Petitioner had "knowingly and voluntarily waived the right to counsel" and granted Mr. Fishman's motion to withdraw. (Docket no. 50, p. 6.)

During the hearing, the Court observed that Petitioner challenged "the [sentencing] guideline range as contained in the presentence report." (*Id*. at 13.) Specifically, the "loss amount" in the presentence report was "between $400,000 and a million dollars," but Petitioner "believe[d] that the amount should be between [$]200[,000] and $400,000 which would give [Petitioner] a two-level reduction under the base offense level." (*Id*. at 13-14.) The Court agreed with Petitioner, concluding that "we're in the range of [$]200,000 to $400,000 loss which then creates a[n] advisory guideline range of 30 to 37 months." (*Id.* at 15.) Even with the Court accepting a loss amount below $400,000, Petitioner expressed a desire to dispute "further inaccuracies" with the government's proposed loss amount. (*Id.* at 18.) However, the Court proposed that those additional reductions be addressed at "a restitution hearing in a couple weeks." (*Id.* at 19.) Petitioner understood that his additional reductions "don't change the guidelines," and agreed to reserve those arguments for the restitution hearing. (*Id.*) Upon conclusion of the hearing, the Court sentenced Petitioner to a 36-month term of incarceration and three years of supervised release. (*Id.* at 50.)

On January 26, 2015, Petitioner filed his Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, claiming that he is entitled to relief because his attorney rendered ineffective assistance with regard to: (1) the loss amount contained in the Rule 11 Plea Agreement,

3

and (2) the money-laundering enhancement. (Docket no. 56.) Petitioner argues that this allegedly ineffective assistance renders his guilty plea "unknowing and involuntary" and requests the Court to vacate his sentence. (*Id.*) Respondent asserts that Petitioner fails to establish that his attorney was ineffective, or that his sentence would have been different absent the alleged errors. (Docket no. 70.)

**B.    Standard of Review**

A petitioner who files a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 must demonstrate that there was an error of constitutional magnitude, the sentence was imposed outside the statutory limits, or there was an error of fact or law so fundamental as to render the entire proceeding invalid. *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001) (citation omitted). To prevail on a motion to vacate, set aside, or correct sentence alleging constitutional error, the petitioner must show that the error had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993).

**C.    Analysis**

The Sixth Amendment right to counsel and the corollary right to effective assistance of counsel protect the fundamental right to a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 64-86 (1984). To establish ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) counsel's deficient performance prejudiced the defense. *Id.* at 687. These two components are mixed questions of law and fact. *Id.* at 698. Further "there is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697. That is, if "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id.*

With respect to the performance prong of the *Strickland* test, a strong presumption exists that counsel's behavior lies within the wide range of reasonable professional assistance. *See id.* at 689; *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). "[Petitioner] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (citations and internal quotation marks omitted). "[T]he court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. With respect to the prejudice prong of the *Strickland* test, the ultimate inquiry is "whether there is a reasonable probability that, absent [counsel's] errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695. Stated differently, Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result . . . would have been different." *Id.* at 694.

### 1. Loss Amount

Petitioner alleges that his attorney rendered ineffective assistance with respect to the "loss amount" contained in the plea agreement. In particular, Petitioner contends that Mr. Fishman (1) advised Petitioner to "not to worry" about the loss amount contained in the Rule 11 Plea Agreement, as the amount could be contested at sentencing, and (2) failed to contest the loss amount prior to sentencing. Petitioner contends that, due to this allegedly ineffective assistance, he was precluded from "argu[ing] in favor of the actual $235,800 loss figure and corresponding guideline range of 24 to 30 months." As discussed more fully below, the record contradicts Petitioner's assertions.

First, Petitioner was in fact permitted to dispute the loss amount at sentencing. He did so with, in his own words, "significant success," and "convince[ed] the Court to accept a lower

5

advisory sentencing guideline range from 37 to 46 months to 30 to 37 months." (Docket no. 71, p. 5.) Petitioner was not bound by the loss amount contained in his Rule 11 Plea Agreement. Accordingly, he fails to show that his attorney was ineffective for advising that the loss amount could be contested at sentencing, or that he was in any way prejudiced by this advice.

Next, Petitioner contends that, even though the Court accepted a reduced loss amount at sentencing, the Rule 11 Plea Agreement prevented Petitioner "from having a legal basis at sentencing to argue in favor of the actual $235,800 loss figure and corresponding guideline range of 24 to 30 months." (Docket no. 70, p. 3.) Again, the record disproves this assertion. The Court and Petitioner agreed during sentencing that, once the loss amount fell below $400,000, the additional reductions that Petitioner sought to prove would not "change the guidelines," and were accordingly reserved for the restitution hearing. (*See* Background, *supra*; docket no. 50, pp. 18-19.) Petitioner's present contention that reducing the loss amount to less than $250,000 would correspond to a "guideline range of 24 to 30 months" appears to be based on a subsequent edition of the Sentencing Guidelines. Under the 2013 Sentencing Guidelines, which were in effect on the date of Petitioner's sentencing, a loss amount greater than $200,000 but not more than $400,000 corresponds to a 12-point increase. Accordingly, accepting Petitioner's contention that the "actual loss" is $235,800 would result in the same 30-37 month guideline range that the Court applied at the sentencing hearing. *See* U.S.S.G. 2B1.1 (2013).

For the above reasons, the Court should find that Petitioner fails to establish that his attorney provided ineffective assistance with regard to the loss amount, or that he was prejudiced by any alleged ineffectiveness in this regard.

*2.     Money-Laundering Enhancement*

Petitioner alleges that his attorney provided ineffective assistance by failing to explain, prior to the Rule 11 Plea Agreement, "the sentencing impact of the Government's sought-after two-point money laundering enhancement." (Docket no. 71, p. 4.)

During the plea hearing, the Court advised Petitioner that "the Rule 11 the guideline range that the parties agreed to is 37 to 46 months incarceration." (Docket no 49, p. 13.) Petitioner acknowledged that he understood. (*Id*.) During that hearing, the government expressly addressed the money-laundering enhancement (which was reduced from two levels to one), and Petitioner acknowledged that it was appropriate. (*Id.* at 14.) Petitioner confirmed that he was satisfied with the advice and services rendered by his attorney, and voluntarily pleaded guilty. (*Id.* at 9, 21.)

Thus, the record reflects that Petitioner knowingly and voluntarily agreed to a one-point enhancement for money laundering pursuant to Sentencing Guideline 2S1.1. For this reason, the Court should find that Petitioner was not prejudiced by any ineffective assistance with respect to the money-laundering enhancement.

**F.     Conclusion**

For the reasons stated above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (docket no. 56) should be **DENIED**.

**III.     NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991);

7

*U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: January 17, 2018         s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Petitioner and counsel of record on this date.

Dated: January 17, 2018         s/ Leanne Hosking
                                Case Manager